UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID P. JACKSON,

Plaintiff,

v.

CORRECTION OFFICER ANTHONY BARTZ,
CORRECTION OFFICER ERIK KEICHER,
SARGENT KACZMAREK,

Defendants.

---

**ORDER OF PRELIMINARY PRETRIAL CONFERENCE**

14-CV-00752(S)(M)

The action has been referred to me for entry of a Scheduling Order, in accordance with Fed. R. Civ. P. ("Rule") 16 and Local Rule of Civil Procedure 16. A preliminary pretrial conference will be held before me on **February 27, 2015 at 10:30 AM.**

At the conference, the parties shall be expected to discuss all pretrial matters referred to in Rule 16(a),(b), (c) and (e) and Local Rule 16. In particular, the parties shall be expected to discuss the possibility of an early settlement of the action without the necessity of further proceedings. The parties will also inform the court about the status of all discovery which either has been completed or scheduled as of the date of the conference. In preparing the proposed Case Management Order, please bear in mind that, absent extraordinary circumstances, dispositive motions are due within 12 months of the Rule 16(b) conference, meaning that all discovery (fact and expert) must be completed prior to that deadline.

If the parties wish to participate in the conference by telephone instead of in person, they should contact my secretary Deborah Zamito, at (716) 551-1881 no later than 2 days before the conference and provide a telephone number where they can be reached. The Court will initiate the call.

The Magistrate Judge is available to conduct any or all proceedings in a jury or non-jury civil matter and to order the entry of judgment in the case pursuant to 28 U.S.C. §636(c). Attached hereto is a Notice or Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge, together with a consent form, for consideration by the parties. The parties are encouraged to consider and act favorably on such consents; however, it is emphasized that there will be no substantive adverse consequences should the parties elect not to do so. Counsel are directed to discuss the option with their clients **prior** to the scheduled pretrial conference in this case and advise the Court at the conference.

Plaintiff should note that failure to respond to this order or to otherwise comply with the Federal Rules of Civil Procedure or any other order of this court may result in a dismissal of this action on the merits. It is the plaintiff's responsibility to keep the court informed of his/her current address.

**SO ORDERED**.

Dated: January 21, 2015

/s/ Jeremiah J. McCarthy

JEREMIAH J. MCCARTHY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID P. JACKSON,

Plaintiff,

-v-

CORRECTION OFFICER ANTHONY BARTZ,
CORRECTION OFFICER ERIK KEICHER,
SARGENT KACZMAREK,

Defendants.

---

14-CV-00752(S)(M)

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have United States Magistrate Judge Jeremiah J. McCarthy conduct any and all further proceedings in the case, including trial, and order the entry of final judgment. Any appeal from the judgment in this case shall be taken to the United States Court of Appeals for the Second Circuit.

Plaintiff(s) : Signature: ______________________________ Date: __________________

Print Name: ______________________________

Defendant(s): Signature: ______________________________ Date: __________________

Print Name: ______________________________

---

**ORDER OF REFERENCE**

IT IS HEREBY ORDERED that the above-captioned matter be referred to United States Magistrate Judge Jeremiah J. McCarthy for all further proceedings and the entry of judgment in accordance with 28 U.S.C. §636(c) and foregoing consent of the parties.

__________
Date

______________________________
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE
BY A UNITED STATES MAGISTRATE JUDGE

PLEASE TAKE NOTICE pursuant to Title 28 U.S.C. § 636(c) that, if all parties to this civil action (or their attorneys) consent, a full-time United States Magistrate Judge of this Court may conduct any or all proceedings therein, including the conducting of a jury or non-jury trial and order entry of a final judgment. A copy of the appropriate consent form is attached.

Your decision to consent or not to consent to a referral of your case to a U.S. Magistrate Judge is entirely voluntary. Unless all parties have consented, no District Court Judge or Magistrate Judge is to be informed of anyone's decision to consent or not to consent. *NO consent form will be accepted for filing unless there is tendered a signed Consent form for EVERY party to the action.* Therefore, in actions involving more than one plaintiff, or more than one defendant, one party must collect all the consents and file them together.

Even though all parties consent to disposition of the case by a Magistrate Judge, this opportunity is subject to the calendar requirements of the Court. Accordingly, it is subject to approval by the District Judge assigned to the case.

Pursuant to Title U.S.C. § 626(c)(3 & 4) any appeal from a judgment in a case decided by a Magistrate Judge lies directly to the United States Court of Appeals for the Second Circuit unless the parties further consent at the time the case is referred to the Magistrate Judge to appeal to a District Court Judge.

Procedures relating to these matters are set forth in Local Rules 29 and 30 of the Local Rules for the Western District of New York.


MICHAEL J. ROEMER
CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CASE MANAGEMENT ORDER**

Plaintiff,

v.

Defendants.

---

Pursuant to the order of Hon. William M. Skretny referring the above case to me for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16, and a conference with the parties having been held on ________________, it is ORDERED that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed by no later than ____________.

3. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than ____________. Rule 26(a)(1) requires each party to disclosure the following information without awaiting a discovery request:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

4. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court by no later than _____________. If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with §5.4(C)(2) of the ADR Plan.

   5 All motions to join other parties and to amend the pleadings shall be filed by no later than ______________.

6. The initial mediation session shall be held by no later than ______________.

7. All fact discovery shall be completed by no later than ______________.

8. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than ________________. Each party intending to offer other expert testimony (*i.e.*, testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than ______________.

9. All expert depositions shall be completed by no later than ________________.

10. Dispositive motions, if any, shall be filed by no later than __________________. Such motions shall be made returnable before Judge Skretny unless the referral order grants the Magistrate Judge authority to hear and report upon dispositive motions. In the event that dispositive motions are filed, a trial date will be set (if necessary) following resolution of the motion(s). If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the following advisement:

**PLEASE BE ADVISED**, that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint [and amended complaint, if one has been filed], but you must respond, by affidavits or as otherwise provided in the rule, setting further specific facts showing that there are genuine issues of material facts for trial. Any factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to [the moving party's] motion as described above, summary judgment, if appropriate, may be entered against you. **If summary judgment is entered against you, your case against the moving party will be dismissed.**

**PLEASE BE FURTHER ADVISED**, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short, concise statement of any material facts as to which you contend there exists a genuine issue for trial. In the absence of such a statement, all material facts set forth in the moving party's Local Rule 56 Statement will be deemed admitted.

11. In the event that no dispositive motions are filed, a status conference is set for ________________________ **at 9:00 a.m.** before Judge McCarthy. The parties may participate by telephone upon advance notice to chambers. The court will initiate the call.

12. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until ________________. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED**.

Dated:

______________________________________

JEREMIAH J. MCCARTHY
United States Magistrate Judge